

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CHARITIES BUREAU

212.416.6241
Emily.Stern@ag.ny.gov

January 25, 2021

**VIA ECF & U.S. MAIL**
United States District Court
Hon. Paul A. Crotty
500 Pearl Street, Chambers 1350
New York, NY 10007

Re: *People v. Diocese of Buffalo et al.*, No. 21-cv-189 (S.D.N.Y.)

Dear Judge Crotty:

    We write pursuant to Rule 3 of the Court's Individual Practices to request a pre-motion conference in anticipation of the New York State Attorney General's (the "OAG") motion to remand this action to New York State Supreme Court. On January 9, 2021, defendant, the Diocese of Buffalo (the "Diocese"), filed a Notice of Removal that removed this action asserting that the action relates to the Diocese's pending bankruptcy.[1] As discussed below, this regulatory enforcement action should be remanded to the state court pursuant to 28 U.S.C. §§ 1334(c)(2) and 1452(a). The OAG's time to move for remand pursuant to the Federal Rules of Civil Procedure is February 8, 2021.

    The OAG, in the exercise of its statutory authority under New York law to oversee New York nonprofits, including the secular operations of New York religious corporations and their fiduciaries, filed this enforcement action on November 23, 2020, in New York state court. In a 216-page complaint, the OAG details findings of an extensive regulatory investigation that,

---

[1] *See In re The Diocese of Buffalo, N.Y.*, No. 20-10322 (Bankr. W.D.N.Y.).

among other things, the Diocese and defendants former Bishop Richard J. Malone and former Auxiliary Bishop Edward M. Grosz, failed to comply with applicable New York law, including by: (1) disregarding the risks that certain priests could sexually abuse minors; (2) failing to follow the Diocese's own policies and procedures governing the review, investigation, and adjudication of sexual abuse allegations; (3) failing to reasonably monitor accused priests; and (4) concealing this and other misconduct from the public, including their beneficiaries.  Compl., Dkt. No. 1, Ex. A. The Complaint asserts claims exclusively under New York law: (1) to secure the proper administration of a charitable organization pursuant to the N.Y. Estates, Powers and Trusts Law ("EPTL"); (2) to enjoin unauthorized activities pursuant to the N.Y. Not-for-Profit Corporation Law ("N-PCL"); (3) against Bishop Malone and Aux. Bishop Grosz for breaches of statutory fiduciary duties; and (4) against Bishop Malone and Aux. Bishop Grosz for failure to properly administer a charitable organization. The Complaint seeks exclusively injunctive relief from the Diocese to ensure it properly addresses clergy sexual abuse allegations.

This action should be remanded for two principal reasons. First, federal law bars removal of any state action brought "by a governmental unit to enforce such governmental unit's police or regulatory power"; this bar is known as the "police-power exception" to removal.  28 U.S.C. § 1452(a).  Second, abstention principles require remand, or, alternatively, provide this Court with discretion to remand this action to state court.

The police-power exception applies in cases, as here, where a law enforcement agency— acting pursuant to its statutory authority as a regulator—seeks to effectuate public policy and

enjoin violations of law.[2] Judicial scrutiny of removal actions is "at its zenith where, as here, the suit was brought by a State itself, as the 'claim of sovereign protection from removal' in such circumstances 'arises in its most powerful form.'"[3] The OAG bears unique statutory authority to enforce secular legal standards that require the Diocese to address the scale and magnitude of the clergy sex abuse crisis and the harm it has caused to the institution, its parishioners, and the broader public. No other basis for original federal jurisdiction is asserted in the Notice of Removal, nor does the Diocese's assertion of a First Amendment defense create one.

Alternatively, this Court must abstain from deciding this action pursuant to 28 U.S.C. § 1334(c)(2). The action arises exclusively under state law, the only asserted ground for federal jurisdiction is its relation to a pending bankruptcy, and the matter can be timely adjudicated in state court. In addition, remand is also appropriate pursuant to the equitable considerations outlined by 28 U.S.C. §§ 1334(c)(1) and 1452(b). Resolution of the OAG's claims will have no effect on the efficient administration of the Diocese's bankruptcy and such a resolution will be subject to standards for charitable regulation entirely under New York law. Remand will not prejudice the Diocese, the only debtor defendant. Indeed, the Diocese has insisted to the bankruptcy court that its petition seeking financial reorganization is not intended to "avoid responsibility for any past misconduct by clergy or for any decisions made by Diocesan authorities when addressing that misconduct." *In re The Diocese of Buffalo*, Dkt. 7, ¶ 10.

For these reasons, the OAG respectfully requests a pre-motion conference.

Respectfully submitted,

*/s/ Emily Stern*

---

[2] *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 132-34 (2d Cir. 2007).
[3] *In re General Motions LLC Ignition Switch Litig.*, 69 F. Supp.3d 404, 409 (S.D.N.Y. 2014) (citing omitted).

Page 4
January 25, 2021

                                                             Co-Chief, Enforcement Section
                                                             Assistant Attorney General

cc: Counsel of Record (via ECF)

28 LIBERTY STREET, NEW YORK, NY 10005 ● PHONE (212) 416-8401 ● FAX (212) 416-8393 ● WWW.AG.NY.GOV