# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-3429
trgeremia@jonesday.com

January 28, 2021

**BY ECF AND U.S. MAIL**

The Honorable Paul A. Crotty
U.S. District Court for the Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

      Re:    *State of New York v. Diocese of Buffalo*, No. 1:21-cv-00189 (S.D.N.Y.)

Dear Judge Crotty:

      We represent The Catholic Diocese of Buffalo and the newly installed Bishop of the Diocese, Michael W. Fisher (collectively, "the Diocese"), in this action. We write in response to the Attorney General's letter requesting a pre-motion conference (ECF No. 5).

      Plaintiff's letter fails to address the authorities allowing for removal of this action that the Diocese cited in its Notice of Removal (ECF No. 1). The letter also does not acknowledge that this lawsuit presents a fundamental question of constitutional law that is best addressed by the federal courts. The Attorney General seeks to adjudicate and impose a civil injunctive remedy for the Diocese's alleged past shortcomings in adhering to "standards established by the U.S. Conference of Catholic Bishops … to address and prevent the sexual abuse of minors by U.S. clergy." Compl. ¶ 1. The Complaint makes clear on its face that the Attorney General seeks to insert its secular office and a court into the Diocese's decision-making and, specifically, to appoint a "compliance" monitor to audit and report for the next five years on the Diocese's adherence to the Catholic Church's own standards. *See id.* at 214-15 ("to monitor and audit the Diocese's compliance with the policies and procedures set forth in paragraph 1").

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

The Honorable Paul A. Crotty
January 28, 2021
Page 2

With the consent of all defendants, the Diocese timely removed this action, on the ground that the federal courts have original jurisdiction over it pursuant to 28 U.S.C. § 1334(b), because this case is "related to" the Diocese's ongoing Chapter 11 bankruptcy proceeding. Removal was therefore independently warranted by 28 U.S.C. § 1441(a), the Court has jurisdiction over this civil action, and the Attorney General's upcoming motion to remand should be denied.

The Attorney General fails to address that ground for removal and addresses solely an alternative ground, under 28 U.S.C. § 1452. Section 1452 authorizes removal of civil actions "related to" a pending bankruptcy and carves out a narrow exception for actions by a governmental unit to enforce its "police or regulatory power." But what the Attorney General seeks to accomplish through this lawsuit—a declaration that the Diocese did not properly follow the Church's own internal guidance, as interpreted *by the Attorney General*, and a court-appointed monitor to audit the Diocese's ongoing compliance with those norms (Compl. at 214-16)—is not an exercise of "police power." The First Amendment removes from the State any authority to dictate or even to influence "matters of church government as well as those of faith and doctrine," vesting religious institutions with the power to decide those matters "for themselves, free from state interference." *Kedroff v. St. Nicholas Cathedral of Russian Orthodox Church in N. Am.*, 344 U.S. 94, 154 (1952). "State interference in that sphere would obviously violate the free exercise of religion." *Our Lady of Guadalupe School v. Morrissey-Berru*, 140 S. Ct. 2049, 2060 (2020). This lawsuit is thus not an exercise of the State's "police power."

The Attorney General's notion that the Court should abstain from addressing this lawsuit and the federal, First Amendment issues it presents is likewise incorrect. In deciding whether to

JONES DAY

The Honorable Paul A. Crotty
January 28, 2021
Page 3

abstain pursuant to 28 U.S.C. § 1334(c)(2), the Second Circuit requires consideration of whether the "legal issues … are especially complex" and which forum has "the most expertise in the relevant areas of law." *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 580-81 (2d Cir. 2011). This case turns on the First Amendment's fundamental, federal, and "structural" protection against entanglement in religious governance and doctrine. *See, e.g.*, *Lee v. Sixth Mount Zion Baptist Church of Pittsburgh*, 903 F.3d 113, 118 n.3 (3d Cir. 2018). Indeed, in an analogous context the Supreme Court has held that abstention is unwarranted in a suit raising important First Amendment rights. *See Zwickler v. Koota*, 389 U.S. 241, 251 (1967).

Importantly, the Attorney General's lawsuit seeks to impose State interference with Church practices that were addressed and improved by the Diocese years ago. Plaintiff requests largely redundant relief and, in practical effect, this action will hurt the survivors of abuse by further depleting the already-strained resources of the Diocese. As noted, the Diocese is a debtor in a pending bankruptcy case, in the Western District of New York. The Bankruptcy Court has not yet ruled on the Diocese's motions to retain counsel for this matter and has raised questions about whether the upcoming deadlines in it can be extended and overall costs to the estate. The Diocese has, accordingly, reached out to plaintiff's counsel and proposed, for the sake of conserving the estate's resources for victims of abuse, that the parties agree to adjourn or suspend threshold motion practice to allow the Bankruptcy Court time to rule on the Diocese's retention applications and for the parties to have an opportunity thereafter to discuss whether an early resolution of this lawsuit is possible without at the same time engaging in costly litigation. We will report to the Court at the upcoming conference on the status of those discussions.

JONES DAY

The Honorable Paul A. Crotty
January 28, 2021
Page 4

                                                Respectfully submitted,

                                                Todd R. Geremia

cc.    Dennis C. Vacco, Esq. (by ECF)
        Emily Stern, Esq. (by ECF)