# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK  10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number:  (212) 326-3429
trgeremia@jonesday.com

May 19, 2021

**BY ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    <u>State of New York v. Diocese of Buffalo</u>, No. 1:21-cv-00189-RA (S.D.N.Y.)

Dear Judge Abrams:

      We represent the Catholic Diocese of Buffalo in this action and write in response to the plaintiff's May 13, 2021 letter concerning "new, non-binding authority" from two out-of-circuit lower courts, one in the District of Columbia and the other a Bankruptcy Court in the Northern District of Texas.  *See* ECF No. 27.  The two submitted decisions are not only "non-binding," they are also inapposite to the plaintiff's pending motion to remand this action.  Indeed, the plaintiff's letter amounts to no more than the Office of the Attorney General ("OAG") touting two recent procedural rulings in other, unrelated matters that concern it and the National Rifle Association of America, Inc. ("NRA").

      As an initial matter, neither of these decisions in any way impacts the OAG's failure to timely oppose—and, thus, the OAG's waiver of any opposition to—the Diocese's wholly separate ground for removal of this action pursuant to 28 U.S.C. § 1441(a).  As the Diocese set out in its opposition brief, this action was properly removed pursuant to § 1441(a), on the basis that the Court has original jurisdiction over it because it is, as the OAG *concedes*, "related to" the Diocese's pending petition for bankruptcy protection.  *See* ECF No. 22 at 8-14.  Neither of the two submitted decisions addresses this independent basis for the Diocese's removal of this action and for denying the OAG's remand motion.

      The two decisions submitted by the OAG also have no bearing on the Diocese's separate ground for removing this action under 28 U.S.C. § 1452(a).  The OAG invokes an order from the Bankruptcy Court for the Northern District of Texas dismissing a bankruptcy petition on the grounds that the NRA had filed it in bad faith.  *See* ECF No. 27 at 2-3.  That ruling has *nothing to do* with the OAG's remand motion here, or even this case in general.  Nowhere in that decision did the bankruptcy court address the scope of a state's "police or regulatory power,"

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. Ronnie Abrams
May 19, 2021
Page 2

removal, or remand.  Rather, the bankruptcy court dismissed the NRA's petition for bankruptcy protection for cause on the basis of a finding that the NRA had filed its petition in bad faith for the purpose of gaining an unfair litigation advantage in the OAG's civil enforcement action against the NRA.  *See* ECF No. 27 Ex. B at 33 ("The Court finds, based on the totality of the circumstances, that the NRA's bankruptcy petition was not filed in good faith but instead was filed as an effort to gain an unfair litigation advantage in the NYAG Enforcement Action and as an effort to avoid a regulatory scheme.").  In making that ruling, the bankruptcy court found, among other things, that the NRA is solvent and financially healthy, that potentially adverse outcomes in pending litigation against the NRA did not warrant its filing for bankruptcy protection, and that an extensive record adduced at a trial showed that the NRA had filed for bankruptcy in order to avoid a remedy (dissolution) sought by the OAG in a separate enforcement action against the NRA.  *See id.* at 31-32 (finding that "the NRA is financially healthy and potentially adverse litigation outcomes are too attenuated to justify a good faith bankruptcy filing" and that the NRA "us[ed] this bankruptcy as a tool to win its dissolution lawsuit, and that is not an appropriate use of bankruptcy").

This case is not remotely comparable.  The Diocese filed for bankruptcy protection here eight months *before* the OAG commenced this action.  And unlike in the NRA's bankruptcy case, there is no basis to contest—nor does the OAG or any of the Diocese's stakeholders contest—that the Diocese had a good-faith basis to file for bankruptcy protection in the wake of the assertion against the Diocese of hundreds of long time-barred claims that the New York State legislature revived by enacting the Child Victims Act.

The Diocese is also not trying to use its bankruptcy filing to avoid any remedy sought by the OAG or this litigation in general.  Indeed, the NRA case involved a remedy—dissolution— that the OAG is not seeking against the Diocese.  Instead, as the OAG concedes, this action is "related to" the Diocese's pending bankruptcy case, which the Diocese filed not "to shirk or avoid responsibility for any past misconduct by clergy or for any decisions made by Diocesan authorities when addressing that misconduct," but rather to put in place "an orderly claims administration process that will ensure a more equitable distribution of funds to creditors, including victims of abuse" and to "bring about a reorganization of the Diocese that will ensure that the mission of the Diocese may continue to be fulfilled in service of the Catholic faith." ECF No. 7 ¶¶ 10-11, *In re The Diocese of Buffalo, N.Y.*, No. 1:20-bk-10322 (Bankr. W.D.N.Y.).  As the Diocese showed in its opposition brief, the OAG's concession that this civil action against the Diocese is related to the Diocese's pending bankruptcy proceeding presents two separate bases for removing this action under federal law and litigating it in this District Court.  *See* ECF No. 22 at 15-21.

The other decision submitted by the OAG, by the District of Columbia Superior Court, is also inapposite.  It principally addresses, on a motion for reconsideration, whether the

JONES DAY

Hon. Ronnie Abrams
May 19, 2021
Page 3

appropriate test for determining whether to apply the automatic stay in bankruptcy (*see* 11 U.S.C § 362(b)(4)) to the District of Columbia's civil action against the NRA should be stated as the "pecuniary interest" or "pecuniary advantage" test. *See* ECF No. 27 Ex. A at 6-12 (addressing this issue at length under the heading "The Court Applied the Wrong Test When Determining Whether the Exception to the Automatic Stay Applies"). The D.C. Court's decision did not cite a single decision within the Second Circuit. The Court's discussion, and ultimate determination to reconsider its prior ruling on the matter, is also not pertinent here because, as the Diocese pointed out in its opposition brief (ECF No. 22 at 16), the OAG's remand motion is predicated on the "public policy" test for determining whether this action is an exercise of the "police or regulatory power," not the "pecuniary purpose" test. Further still, the NRA case does not present anything like the circumstances here, where the OAG is not principally seeking to enforce New York's public policy but has expressly and repeatedly stated in its Complaint that it is seeking to enforce *Catholic Church* policy, as the Diocese illustrated in detail with two tables attached to its opposition papers. *See* ECF Nos. 22-2 & 22-3 (Exhibits A and B to the Declaration of Todd R. Geremia).

The OAG is thus wrong when it claims that the "D.C. Superior Court considered and rejected many of the same arguments that Defendants assert here." ECF No. 27 at 2. In addition to the distinctions noted above, nothing in the NRA case touched upon the First Amendment issue squarely presented here: that principles of religious liberty embodied in the First Amendment do not allow the OAG to exercise any regulatory authority to "inquir[e] into whether the Church had followed its own procedures," as the OAG is expressly seeking to do through this lawsuit. *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 565 U.S. 171, 187 (2012) (stating that, "by inquiring into whether the Church had followed its own procedures, the State Supreme Court had 'unconstitutionally undertaken the resolution of quintessentially religious controversies'" (quoting *Serbian E. Orthodox Diocese for U.S. & Canada v. Milivojevich*, 426 U.S. 696, 720 (1976)).

The two decisions highlighted by the OAG are not pertinent to the OAG's motion to remand this action. They do not provide any basis for granting that motion over the authority in the Second Circuit and by the U.S. Supreme Court set out in the Diocese's opposition brief.

                                                Respectfully submitted,

                                                Todd R. Geremia

cc:    Dennis C. Vacco, Esq. (by ECF)
        Emily Stern, Esq. (by ECF)